**ART PRINT SHOP, Inc., et al. v. FRIEDBERGER–ARON MFG. CO.**

**No. 7285.**

District Court, E. D. Pennsylvania.

Jan. 18, 1935.

Hirschwald, Goff & Rubin and Felix & Felix, all of Philadelphia, Pa., for receivers.

Isaac Hassler, of Philadelphia, Pa., for defendant Friedberger-Aron Mfg. Co.

WELSH, District Judge.

Receivers were appointed in this case on bill of complaint and confessing answer. The receivers were men of wide experience, excellent judgment, and of good repute. The corporation was controlled and officered by members of a family group. The receivers for some months endeavored to carry on their duties and discharge their obligations to the creditors and the court without making any important changes in the personnel. As months went by, they found themselves unable to make profits and were brought face to face with the necessity for either making a change in the personnel, or liquidation. During the summer of 1934 the receivers resolved that the best interests of the creditors required a change in personnel rather than liquidation. This change was accordingly made. Immediately after the change of personnel was put into effect, counsel representing the family group control of the corporation asked that the action of the receivers be set aside. This request was made in vacation time and the judge to whom application was made referred the matter to the judge that had appointed the receivers, he at that time being out of the jurisdiction. Upon the return of the appointing judge in the latter part of August of 1934, counsel attacked the action of the receivers in the matter. He also requested that $1,500 be paid to him as counsel fee, claiming that he represented the corporation, and that the fee was a legitimate claim on the fund in the hands of the receivers.

Several hearings were had before the court, at which no testimony was taken.

Extended arguments, however, were made by counsel for the officials of the corporation and the court, in order that the whole matter might be fully and properly inquired into, appointed Henry S. Borneman, Esq., as special master to take testimony and report upon the facts. The special master performed his duty with punctilious care, transmitting a copy of the testimony and a full and complete report thereon. At these hearings several hundred exceptions were taken to the master's rulings by counsel for the corporation, which exceptions have come before the court for review. The court has studied the testimony, and after hearing the argument on the exceptions, feels that the exceptions should be dismissed, which is accordingly done.

The case raises a question far more vital than the application of rules of evidence. It reaches to the very heart of federal receiverships. The counsel for the officials of the corporation is asking the court to penalize receivers appointed by it for a fearless discharge of their duty. If receivers appointed by a federal court were to feel that members of a corporation who were considered by them as being incompetent and unfit were beyond the power of the control of the receivers, a fatal blow would be struck at the efficiency of the federal courts. When this court appoints a receiver, or receivers, it is with the implied and often explicit instructions that they are to accept their trust for the benefit of creditors; that when any family group constitute the official control of a corporation under the jurisdiction of the court such control is to be respected whenever good business and good morals dictate. But no family group control which has sought for, or acquiesced in, a federal receivership is to be regarded as being beyond the point of removal by the receivers. The decree of a federal court restrains creditors from pursuing their lawful remedies against the debtor, and it is not to be used by the debtor in such a way as to constitute immunity from creditors, and at the same time permit the officers of the company to be in actual charge of the corporation, free from molestation and interference, frequently drawing unreasonably large salaries, and the receivers to be merely nominally in control. Actual control of the corporation under a receivership is in the receivers. The primary duty of receivers is to the court and creditors and not otherwise.

Counsel for the plaintiff has struggled valiantly for his client, and the amount he asks for his compensation is not excessive if it were within the power to grant it. The court, however, does not feel that it would be justified in approving the fee claimed by counsel who represents the corporate officials. The court feels that counsel should receive his compensation from the members of the corporation in their individual capacity, and that the fee asked by him from the receivers would not be a fair and proper expenditure for them to make, and it is accordingly disallowed.

Therefore, in view of the facts of this case, as presented, the court feels that the receivers acted with justice and fairness towards all concerned and with true fidelity to the obligations of their office. The court therefore dismisses the exceptions filed in the proceedings before the special master.